UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHEN PINKOWSKI,

                    Plaintiff,

          v.                                        **DECISION AND ORDER**
                                                    05-CV-823S

JO ANNE B. BARNHART,
*Commissioner of Social Security*,

                    Defendant.

          1.     Plaintiff Stephen Pinkowski commenced this lawsuit on November 21, 2005,

pursuant to 42 U.S.C. § 405(g) seeking reversal of the Administrative Law Judge's denial

of his application for Social Security benefits.  Presently before this Court is Defendant's

Motion to Dismiss for Lack of Jurisdiction.  For the reasons that follow, Defendant's motion

is denied.

          2.     Pursuant to 42 U.S.C. § 405 (g), federal court challenges to the

Commissioner's final decisions must be brought within sixty days after the claimant

receives notice of the Appeals Council's decision denying review.  It is presumed that the

claimant receives such notice within five days of the date of the Appeals Council's denial.

20 C.F.R. § 422.210(c).  In this case, it is undisputed that Plaintiff did not file this action

within 65 days of the Appeals Council's decision denying review.[1]

          3.     The 60-day time limit in § 405(g) is considered a statute of limitations, rather

than a jurisdictional requirement.  See Aschettino v. Sullivan, 724 F.Supp. 1116, 1117

_____

          [1]The Appeals Council denied review on July 12, 2005.  Plaintiff did not file this action until
November 21, 2005.

1

(W.D.N.Y. 1989) (citing Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.d 18 (1976)).  However, since § 405(g) constitutes a limitation on the United States' waiver of sovereign immunity, it must be strictly construed.  See Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986).  Nonetheless, the 60-day limitations period is not to be considered in isolation; it must be read with an eye toward serving Congress's intent that the Social Security Act be "unusually protective" of claimants.  Heckler v. Day, 467 U.S. 104, 106, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984).  For that reason, equitable tolling of this limitations period is permitted, although only in rare or extraordinary circumstances.  See Bowen, 476 U.S. at 481.

4.      Here, counsel for Plaintiff has indicated that she did in fact attempt to timely file this action on September 1, 2005 (within the 60-day period), by mailing a Complaint and Motion to Proceed In Forma Pauperis, together with a disk containing these submissions to the Clerk's Office in the Western District of New York.  Evidence of that mailing is provided in the form of a United States Postal Service certified mail receipt bearing a "received" signature from a member of the Clerk's Office staff on September 2, 2005.  For reasons that are not entirely clear, the Clerk's Office returned this package to Plaintiff's counsel due to an error on the disk, without opening a case based on the paper pleadings.  Only later, after the expiration of the 60 days, did Plaintiff's counsel become aware that the case had not been properly filed.

5.      In light of the fact that Plaintiff attempted to file his Complaint within the 60-day statutory time period of § 405(g), that this Court's Clerk's Office perhaps shares some of the blame for the confusion by not opening the case based on the hard copy of the Complaint, and there being little, if any, practical prejudice to Defendant, this Court finds

that this is the rare case where the balance of equities favors an extension of the 60-day time period.[2]  Defendant's Motion to Dismiss for Lack of Jurisdiction is therefore denied and this Court deems the Complaint in this case timely filed.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 4) is DENIED.

SO ORDERED.

Dated:        February 27, 2007
              Buffalo, New York

                                        _        /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 United States District Judge

---

[2]While this Court is satisfied that Plaintiff's counsel is not solely at fault for the confusion in this case, it is imperative that Ms. Brodsky improve her case management skills and be more attentive to important deadlines.  Ms. Brodsky has repeatedly failed to comply with court-ordered deadlines in this and several other cases pending before this Court.  (See Docket Nos. 6 and 7.)